## Commonwealth v. Kyler

*Thomas F. Morgan,* for Commonwealth.
*John Carfley,* for defendant.

REILLY, *P. J.,* September 23, 1977—Defendant above named was arrested and charged under section 4941 of the Vehicle Code, June 17, 1976, P. L. 162, 75 Pa. C.S.A. § 4941, which makes it illegal to operate a motor vehicle in excess of its registered gross weight. Defendant appealed from his summary conviction and, at hearing de novo, raises three issues. First, did the arresting officer have sufficient cause to stop defendant's vehicle initially? Second, does the Commonwealth have the burden of establishing the accuracy of the scales used to weigh the defendant's vehicle? Third, is the Commonwealth required to advise defendant of his right to have his vehicle reweighed on scales of his own choosing as provided by the statute. This court has determined that no authority exists for granting the appeal on the above issues. The arresting officer stated that he observed defendant's truck with the coal loaded above the sideboards, and that in the past, he has observed the same model truck with the same load and, in every instance, it had been overweight. In view of this and the officer's past experience, this court must deny defendant's first request.

Second, the act does not require the Commonwealth to prove the accuracy of the scales, nor is there any case law on the point. This court is of the opinion that had the legislature intended this to be the case, it would have been specifically set forth in the statute. Failing this, the court refuses defendant's second point.

Finally, while the statute does give defendant the right to have his vehicle reweighed, it does not require the Commonwealth to so advise him, creating a situation similar to that under section 624.1(g) of the old Vehicle Code of April 29, 1959,

P. L. 58, 75 P. S. § 624.1, wherein defendant, having undergone a breathalyzer test, has the right to go to a doctor of his own choosing for a blood test. However, in that situation, the Commonwealth is not required to advise him of this right, and this court is of the opinion that the Commonwealth, in this situation, does not have the burden of advising the defendant of his right of reweighing his vehicle.

Therefore, the court enters the following

### ORDER

Now, September 23, 1977, following hearing into the above-captioned appeal from summary conviction, it is the order of this court that said appeal be and is hereby dismissed.

---

Footnote: Also see Commonwealth v. Smith, 3 D. & C. 3d 263 (1974).